[Cite as *Thomas v. Thomas*, 2012-Ohio-2893.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KATHLEEN A. THOMAS | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant/Cross-Appellee | Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11CAF090079 |
| KENNETH D. THOMAS, ET AL. | |
| Defendant-Appellee/Cross-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 09DRA03121

JUDGMENT:      Affirmed in part, Reversed in part, and Remanded

DATE OF JUDGMENT ENTRY:      June 25, 2012

APPEARANCES:

For Plaintiff-Appellant/Cross-Appellee      For Defendant-Appellee/Cross-Appellant

ANTHONY M. HEALD
125 N. Sandusky Street
Delaware, Ohio 43015

JOEL R. CAMPBELL
Strip, Hoppers Leithart,
McGrath & Terlecky Co. LPA
575 South Third Street
Columbus, Ohio 43215

*Hoffman, J.*

{¶1}   Plaintiff-appellant/cross-appellee Kathleen A. Thomas ("Wife") appeals the August 9, 2011 Decree of Divorce  entered by the Delaware County Court of Common Pleas, which sustained in part and overruled in part her objections to the magistrate's October 26, 2010 decision.  Defendant-appellee/cross-appellant is Kenneth D. Thomas ("Husband").

STATEMENT OF THE CASE AND FACTS

{¶2}   Husband and Wife were married on January 29, 1983.  Three children were born as issue of said union.  Two of the children were emancipated, and the third was a minor at the time of the divorce.  Wife filed a Complaint for Divorce on March 9, 2009. Husband filed his Answer and Counterclaim on March 30, 2009.  The trial court issued temporary orders on April 27, 2009, ordering Husband to pay $11,500.00/month in spousal support and $641.33/month in child support for the minor child.

{¶3}   Wife filed a motion for contempt on October 6, 2009, requesting the trial court order Husband to appear and show cause why he should not be held in contempt for failing to comply with the temporary orders.  The magistrate issued an Order/Agreed Judgment Entry, designating Wife as the residential parent of the minor daughter. Husband received standard parenting time.

{¶4}   The trial court ordered the parties to attend mediation.  As a result of the mediation, the parties reached a number of agreements regarding various assets and issues.  The parties agreed the marital home was 100% marital property, and Husband owned a 1% interest in Thomas 5 Ltd. with a current value of $90,000 - $60,000 of which was separate property and $30,000 which was marital property.  The parties also

reached agreements regarding Husband's 401K plan; health insurance for the minor child; the home appraisal; vehicles; life insurance policies; household goods; and, with two exceptions, watches and jewelry.

{¶5}  The final hearing commenced on July 19, 2010, and was heard over the course of five days. On the first day of the final hearing, the parties submitted a joint pre-trial statement and stipulations.

{¶6}  The following evidence was introduced at trial. As to the health of each party, the evidence established Wife (DOB 10/18/57) was in good health, but Husband (DOB 10/6/56) had a history of heart problems, and underwent quintuple bypass surgery in December, 2009.  In addition, Husband struggled with substance abuse issues, and had been admitted into in-patient treatment programs on several occasions during the course of the marriage.

{¶7}  With respect to the parties' employment histories, the evidence revealed Wife had been a stay-at-home mother for 23 years.  Wife recently completed all the requirements and obtained her real estate license, and worked for Keller Williams.  The position required her to pay advertising expenses, lock box expenses, annual dues, and continuing education expenses.  At the time of the final hearing, Wife had a negative income and no health insurance.

{¶8}  Husband is the son of the late Dave Thomas, founder of Wendy's International, Inc., who died in January, 2002. Husband graduated from Eastland Vocational School in Columbus, Ohio, and successfully completed the management training program at Wendy's.  Over the course of the marriage, Husband held a number of different positions, and engaged in a variety of business dealings. Husband could

best be described as a venture capitalist and real estate developer. Husband's last full-time job was that of President of Thomas 5 Ltd., of which he was a founder and a 1% owner. Husband admitted he left the position after he was given the choice of resigning or being fired due to his alcohol use.

**{¶9}** Wife presented evidence which established Husband's average total income was $328,689.00 for the tax years 2006, and 2007. In addition, the evidence revealed Husband's total income was over $335,000.00 during the 2008 calendar year, and was $117,921.00 in 2009. In the first six months of 2010, Husband had earned total income of $94,000.00.

**{¶10}** Wife's vocational expert, Dr. Growick, indicated Husband could earn $161,000/year, the average income for top executives in Columbus, Ohio. However, Dr. Growick agreed Husband was not the average person in the top executive market due to his medical issues, alcohol dependency, and lack of college education. Dr. Growick provided an analysis of Husband in a management level position, noting the average income for such position would be between $75,000 - $80,000/year. Dr. Growick acknowledged potential conflicts of interest if Husband accepted a position with a competing chain restaurant.

**{¶11}** Husband offered the testimony of Tracy Kaufman, CPA who handled the tax work of Thomas 5 Ltd. Kaufman provided a summary of Husband's total annual earnings from all sources as reflected in his 2002-2008 tax returns. Husband's average annual earnings during that time period were $188,027. Of that amount, Kaufman attributed $63,175 to business income. Sometime in 2009, after the alternate valuation date, Husband received his 2008 bonus from Thomas 5 Ltd., in the amount of $50,000.

{¶12} Husband is a one fifth contingent beneficiary of the R. David Thomas Trust, a one fifth beneficiary of the Loraine Thomas Trust, and a one-fifth beneficiary of the Thomas 5 Trust. Each year, Husband received from his mother $12,000.00 for Christmas, and $5,000.00 for his birthday.

{¶13} Husband admitted to having an affair with Tonya Boll. The affair began shortly after Husband met Boll in January, 2007. Boll was laid off from her job sometime in March, 2009. Since that time, Boll had been financially dependent upon Husband. In addition to financially assisting Boll, Husband purchased lavish gifts for Boll, took her and her family on expensive vacations, and spent significant sums of money on her and her children.

{¶14} The parties stipulated Wife owned a Rolex Presidential Watch, and such was Wife's separate property. Husband testified he needed money so he gave 5 or 6 watches, including the Rolex, to Boll and asked her to sell them. Husband stated he believed Boll had given the Rolex as well as the other items to a watch collector, who had taken the items to a show in North Carolina where the Rolex was ultimately sold. Husband was not present when the Rolex was sold and had no direct knowledge as to how much Boll received for it. Husband indicated Boll subsequently gave him $5,000.00 in cash, and returned two or three of the watches. Husband believed the $5,000.00 was the amount for which the Rolex was sold. Wife's documentary and opinion testimony valued the Rolex at $27,350.00.

{¶15} The magistrate issued a Decision on October 26, 2010, recommending the parties be granted a divorce on the ground of incompatibility. The magistrate ordered the marital residence sold, made findings and orders with respect to the

classification, division and valuation of the parties' assets and liabilities, and calculated child support and spousal support. The magistrate imputed minimum wage income to Wife in the amount of $15,080, and imputed income to Husband in the amount of $63,175. The magistrate denied Wife's request for attorney fees.

**{¶16}** Husband and Wife filed objections to the magistrate's decision. After a transcript of the proceedings was filed, the parties filed supplemental objections as well as memoranda in opposition.

**{¶17}** Via Decree of Divorce filed August 9, 2011, the trial court sustained in part Wife's objection to the magistrate's decision as to the duration of spousal support; overruled in part Wife's remaining objections; and overruled Husband's objections.

**{¶18}** It is from this entry Wife appeals, raising the following assignments of error:

**{¶19}** "I. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY FAILING TO DIVIDE THE PARTIES' ASSETS AND LIABILITIES IN AN EQUITABLE FASHION AND BY FAILING TO PROPERLY IDENTIFY SEPARATEA ND [SIC] MARTIAL PROPERTY.

**{¶20}** "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY ESTABLISHING SPOUSAL SUPPORT WITHOUT FIRST CONSIDERING ALL THE FACTORS AS SET FORTH IN 3105.18 AND ALL MATTERS RELEVANT IN ESTABLISHING THE LENGTH AND DURATION OF SPOUSAL SUPPORT IN THIS MATTER.

**{¶21}** "III. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN THE TRIAL COURT [SIC] BY DETERMINING

THAT THE APPELLEE HAD EARNING ABILITY OF $63,175 PER YEAR AND ESTABLISHING SPOUSAL SUPPORT AND CHILD SUPPORT IN AMOUNTS AND FOR PERIODS THAT IT ESTABLISHED IN THIS MATTER, BASED ON THAT FINDING.

{¶22} "IV. THE COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION IN ITS FAILURE TO AWARD ATTORNEY FEES TO THE APPELLANT AND AGAINST THE APPELLEE.

{¶23} "V. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN FAILING TO ADDRESS THE FINANCIAL MISCONDUCT OF THE APPELLEE[.]

{¶24} "VI. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN FAILING TO ADDRESS THE DISSIPATION OF ASSETS BY THE APPELLEE.

{¶25} "VII. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN DISALLOWING THE TESTIMONY OF WILLIAM DITTY."

{¶26} Husband cross-appeals the same entry, asserting as error:

{¶27} "I. IT IS AN ABUSE OF DISCRETION AND ERROR FOR THE TRIAL COURT TO COMMIT A SIGNIFICANT MATHMATICAL MISCALCULATION IN AN ATTEMPTED EQUAL DISTRIBUTION OF MARITAL PROPERTY TO THE DETRIMENT OF DEFENDANT-APPELLEE/CROSS APPELLANT.

{¶28} "II. IN THE ABSENCE OF PROOF BY CLEAR AND CONVINICING [SIC] EVIDENCE OF A COMPLETED GIFT, IT IS AN ABUSE OF DISCRETION AND

ERROR FOR THE TRIAL COURT TO AWARD DEFENDANT-APPELLEE/CROSS APPELLANT'S SEPARATE PROPERTY DIAMOND TO PLAINTIFF-APPELLANT/CROSS APPELLEE."

I

**{¶29}** In her first assignment of error, Wife contends the trial court erred and abused its discretion by failing to equitably divide the parties' assets and liabilities, and by failing to properly identify separate and marital property. Specifically, Wife takes issue with the trial court's classification of her Rolex Presidential watch as marital property subject to division; the trial court's determination Husband's 2008 Thomas 5 Ltd. bonus was Husband's separate property; the trial court's classification of the Baird and Deere Harvester accounts as marital property and division thereof; the trial court's imposing upon her one-half of the tax liability arising out of Husband's sale of $169,142.00 worth of stock; and the trial court's failure to order Husband to return a toy truck given to Wife by her father as such was Wife's separate property .

**{¶30}** A domestic court has broad discretion to make divisions of property. *Middendorf v. Middendorf* (1998), 82 Ohio St.3d 397, 401, 696 N.E.2d 575, citing *Berish v. Berish* (1982), 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183. In divorce proceedings, the trial court must classify property as marital or separate property, determine the value of the property, and, thereupon, divide the marital and separate property equitably between the spouses. R.C. 3105.171(B); *Roberts v. Roberts,* 10th Dist. No. 08AP-27, 2008-Ohio-6121, 2008 WL 5049808, ¶ 16.

**{¶31}** We review a trial court's classification of property as marital or separate under a manifest weight of the evidence standard and will affirm if the classification is

supported by some competent, credible evidence. *Taub v. Taub,* 10th Dist. No. 08AP-750, 2009-Ohio-2762, 2009 WL 1653823, ¶ 15. Valuing property involves factual inquiries and also requires an appellate court to apply a manifest weight of evidence standard of review. *Wright v. Wright* (Nov. 10, 1994), Hocking App. No. 94CA02. An appellate court will not reverse a trial court's valuation if it is supported by some competent, credible evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273.

**{¶32}** We review a trial court's division of marital property by determining, under the totality of circumstances, whether the trial court abused its discretion. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

**{¶33}** The first ground upon which Wife asserts error in the division of the marital assets and liabilities is the trial court's finding the Rolex Presidential watch was marital property and determining it was worth $5,000.00, the amount Husband's paramour gave Husband after she sold the watch. Wife maintains the Rolex, a gift from Husband, was her separate property and worth $27,350.00.

**{¶34}** The parties stipulated the Rolex watch was Wife's separate property. Husband concedes this fact in his Brief to this Court. Wife testified the current fair market value of the timepiece was $27,350.00. In support of this figure, Wife submitted the Declarations page from the parties' homeowner's insurance policy which shows the Rolex was insured in the amount of $27,350.00. Wife also presented a 2008 appraisal

performed by the Diamond Cellar, which gave a total approximate retail value excluding tax in the same amount. Husband testified the fair market value of the watch was $5,000.00 as such was the amount the market bore at the time of the sale.

**{¶35}** We find the trial court's classification of the Rolex watch as marital property was against the manifest weight of the evidence. We also find the trial court's valuation of the watch at $5,000.00 was against the manifest weight of the evidence. Wife presented competent, credible evidence the Rolex was worth $27,350.00. Husband did not have firsthand knowledge of the sale of the timepiece. Husband merely testified Boll gave him $5,000.00 following the sale. We do not believe Husband's testimony alone rises to the level of competent, credible evidence from which the trial court could conclude the value of the Rolex to be only $5,000.00. We sustain this portion of the assignment of error and remand to the trial court to issue the appropriate order.

**{¶36}** Next, Wife challenges the trial court's finding Husband's 2008 Thomas 5 Ltd. bonus, which he received in 2009, after the alternate valuation date, was Husband's separate property. Bonuses paid or earned during the course of a marriage are martial assets. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 96-97.

**{¶37}** We find the trial court's classification of Husband's 2008 Thomas 5 Ltd. bonus as his separate property was against the manifest weight of the evidence. In her brief to this Court, Wife states she "should have received a one-half interest in the marital portion of the bonus ($8,332.00)." Appellant's Brief at 14. We note Husband does not contest the sharing of said bonus. Accordingly, we sustain Wife's assignment of error with respect to the bonus. We remand the matter to the trial court to issue an

order awarding Wife one-half of the marital portion of the bonus. Based upon the foregoing, this portion of Wife's first assignment of error is sustained.

{¶38} Additionally, Wife takes issue with the trial court's finding the Baird and Deere Harvester investment accounts were marital property and divided the same equally between the parties. Wife asserts the accounts were her separate property.

{¶39} Separate property includes any real or personal property or interest in property that was acquired by one spouse prior to the date of the marriage. R.C. 3105.171(A)(6)(a)(ii). The commingling of separate property with other property of any type does not destroy its identity as separate, except when the separate property is not traceable. R.C. 3105.171(A)(6)(b). The party seeking to establish an asset as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. *Hildebrand v. Hildebrand,* 5th Dist. No. 954, 2003-Ohio-3654.

{¶40} Wife testified she received both accounts as part of her inheritance following her father's death and had invested additional monies from gifts and other sources into these accounts over the years. According to Wife, marital funds were not deposited into these accounts. Wife acknowledged she did not have documentary evidence to support her position, but provided an oral tracing of the funds. We find without documentary evidence to support Wife's position, the trial court was free to reject her self-serving testimony. See *Peck v. Peck,* 96 Ohio App.3d 731, 734-735 (1994). Accordingly, we find the trial court's classification of the Baird and Deere Harvester investment accounts as marital property was not against the manifest weight of the evidence. This portion of Wife's first assignment of error is overruled.

**{¶41}** Further, Wife contests the trial court's holding her responsible for one-half of the 2008 tax liability Husband created.  An appellate court will not reverse a decision of a lower court in matters involving distribution of property and payment of debts absent an abuse of that discretion. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355.

**{¶42}** The trial court found the income generated, which resulted in the tax liability, was produced in 2008, during the marriage. The trial court further found Wife received the benefit of the income generated in 2008; therefore, should share in any resulting liabilities.  We find the trial court did not abuse its discretion in reaching this determination.  This portion of Wife's first assignment of error is overruled.

**{¶43}** Lastly, Wife argues the trial court should have ordered Husband to return the toy truck given to Wife by her father which Husband removed when he left the marital residence.  Husband acknowledges he removed the toy truck, but submits such was done inadvertently, and he has since returned the item to Wife.  Wife's assignment of error with respect to the toy truck is sustained.

**{¶44}** Wife's first assignment of error is sustained in part, overruled in part, and remanded in part for further proceedings in accordance with this Opinion and the law on the issue of the classification and value of the Rolex, the bonus, and the toy truck.

II, III

**{¶45}** Wife's second and third assignments of error are interrelated; therefore, we shall address them together.  In her second assignment of error, Wife maintains the trial court erred and abused its discretion in failing to consider all of the factors set forth in R.C. 3105.18 when establishing the length and duration of the spousal support order. In her third assignment of error, Wife contends the trial court erred and abused its

discretion in setting Husband's earning ability as $63,175/year, and utilizing that figure in calculating Husband's spousal and child support obligations.

**{¶46}** Pursuant to R.C. 3105.18(B), a trial court may award reasonable spousal support to either party upon request and after the court determines the division or disbursement of property under R.C. 3105.171.

**{¶47}** In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support, R.C. 3105.18(C)(1) directs the trial court to consider all 14 factors set forth therein: the income of the parties; their relative earning abilities; their ages and physical conditions; the retirement benefits of the parties; the duration of the marriage; the standard of living established during the marriage; the relative extent of education of the parties; relative assets and liabilities; the contribution of each party to the education, training, or earning ability of the other party; the time and expense necessary for the spouse seeking support to acquire education, training, or job experience so that they may obtain appropriate employment; the tax consequences of an award of spousal support; the lost income production capacity of either party that resulted from marital responsibilities; and any other factor that the court finds to be relevant.

**{¶48}** As an initial matter, we find the trial court's decision includes sufficient information regarding the factors to enable us to assess whether the award is fair, equitable, and in accordance with the law. We note an award of spousal support will be reversed on appeal only if an abuse of discretion is shown. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178. Upon review of the decision, we find the award was not fair, equitable, or in accordance with the law.

**{¶49}** The magistrate ordered Husband to pay spousal support in the amount of $1,000/month for a period of 48 months, and child support in the amount of $634.49/month. The trial court sustained Wife's objection to the duration of the spousal support order and increased Husband's obligation to 60 months.

**{¶50}** The record demonstrates the parties enjoyed a luxurious standard of living during the marriage due, in large part, to the mentoring and success of Husband's father. The parties owned a large custom-built home and were members of three private clubs. They owned expensive jewelry and watches. The parties and their children drove luxury motor vehicles. Wife had the primary responsibility of raising the three children and maintaining the household. Wife did not pursue or develop a career outside the home at any point during the marriage. Husband's father passed away in January, 2002. Husband inherited over two million dollars from his father's estate. The parties spent virtually every penny of the inheritance between 2002, and 2008. Husband voluntarily left his position with Thomas 5 Ltd. because of his substance abuse.

**{¶51}** Under the totality of the facts and circumstances in this case, we find the trial court's spousal support award of $1,000/month for only 60 months was unreasonable. The trial court used $63,175.00 as Husband's annual income for spousal support purposes. This figure was calculated by averaging Husband's business income for a period of seven (7) years, specifically 2002-2008. Several of the income figures from the earlier years, 2002 and 2003, were uncharacteristically low, and we find the trial court erred in including these figures in its calculations as it resulted in Husband's income being undervalued. Upon remand, the trial court should recalculate Husband's annual income by averaging his business income for the three (3) most recent years

available.[1] The average of Husband's business income, using the figures Kaufman extrapolated from Husband's 2006, 2007, and 2008 Tax Returns, is $78,368.00. This figure corresponds to the $75,000 - $80,000/year annual income Dr. Growick testified Husband could earn in a management level position.

{¶52} We also find the duration of the spousal support order to be unreasonable. The parties were married over 27 years at the time of the final hearing. Wife was returning to the workforce for the first time in approximately 25 years. She was pursuing a totally new career. Although in good health, Wife was over 50 years old at the time of the divorce.

{¶53} Wife's second and third assignments of error are sustained.

IV

{¶54} In her fourth assignment of error, Wife asserts the trial court erred and abused its discretion in denying her request for attorney fees.

{¶55} R.C. 3105.73(A) governs the award of attorney fees and litigation expenses in domestic relations cases and provides: "In an action for divorce * * * or an appeal of that action, a court may award all or part of the reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

---

[1] Pursuant to R.C. 3119.05(H), the trial court, "when appropriate," may average the obligor's income over a reasonable period of years in order to compute "gross income" for a child support order. Although our research has not uncovered any analogous statutory language dealing with "income averaging" as it relates to spousal support awards, we find such would be appropriate in the instant action.

{¶56} The decision to award attorney fees is within the sound discretion of the trial court. *Howell v. Howell,* 167 Ohio App.3d 431, 2006-Ohio-3038, 855 N.E.2d 533.

{¶57} Wife contends the significant expenses she incurred were directly related to Husband's actions, which "were a clear attempt to spend Wife into submission." Husband counters Wife "vigorously contested every issue from the commencement of this matter to the trial." The trial court decided not to award attorney fees to Wife due to the substantial assets she would be receiving upon the sale of the marital residence as well as the division of the marital assets.

{¶58} Upon review of the record, we find the trial court did not abuse its discretion in denying Wife's request for attorney fees.

{¶59} Wife's fourth assignment of error is overruled.

V, VI

{¶60} Because Wife's fifth and sixth assignments of error involve related issues, we shall address said assignments of error together. In her fifth assignment of error, Wife argues the trial court erred and abused its discretion in failing to address Husband's financial misconduct. In her sixth assignment of error, Wife submits the trial court erred and abused its discretion in failing to address Husband's dissipation of assets.

{¶61} R.C. 3105.171(E)(3) provides: "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."

**{¶62}** As the inclusion of the term "may" in R.C. 3105.171(E)(3) indicates, the decision regarding whether to compensate a party for the financial misconduct of the opposing party is discretionary with the trial court. *Leister v. Leister* (Oct. 23, 1998), Delaware App. No. 97CA–F–07027, unreported. Therefore, a trial court's decision on this issue will not be reversed on appeal absent a showing of an abuse of discretion. *Blakemore*, supra.

**{¶63}** Financial misconduct requires more than just dishonest behavior, it requires a wrongdoing that interferes with a spouse's property rights and results in profit to the wrongdoer from the alleged misconduct or stems from an intentional act meant to defeat the other spouse's distribution of assets. *Jacobs v. Jacobs,* 4th Dist. No. 02CA2846, 2003-Ohio-3466; *Eggeman v. Eggeman,* 3d Dist. No. 2-04-06, 2004-Ohio 6050, at ¶ 24. To find financial misconduct, a court must look to the reasons behind the questioned activity or the results of the activity and determine whether the wrongdoer profited from the activity or intentionally dissipated, destroyed, concealed, or fraudulently disposed of the other spouse's assets.

**{¶64}** After reviewing the entire record, we find the evidence before this Court does not support a finding of financial misconduct or dissipation of assets by Husband. Husband acknowledged he transferred funds to a third party, but indicated the funds were from his inheritance; therefore, his separate property. Husband's gifting of his separate property did not interfere with or affect any funds Wife received during the marriage. Accordingly, we find the trial court did not abuse its discretion in failing to compensate Wife for Husband's alleged financial misconduct and dissipation of assets.

**{¶65}** Wife's fifth and sixth assignments of error are overruled.

VII

**{¶66}** In her final assignment of error, Wife submits the trial court erred and abused its discretion in disallowing, during redirect, the testimony of Wife's expert, William Ditty, CPA, relative to his fees. We disagree.

**{¶67}** As a general rule, the scope of redirect examination is limited to matters inquired into by the adverse party on cross-examination. *State v. Wilson* (1972), 30 Ohio St.2d 199, 204, 283 N.E.2d 632. "The control of redirect examination is committed to the discretion of the trial judge and a reversal upon that ground can be predicated upon nothing less than a clear abuse thereof." *Id.*

**{¶68}** During his direct examination of William Ditty, Douglas Dougherty, counsel for Wife, failed to ask the witness about his fees. Attorney Dougherty attempted to introduce the issue on re-direct, however, the trial court disallowed the testimony, sustaining Husband's objection thereto. Attorney Dougherty proffered the testimony and relevant documents, but the trial court would not permit him to reopen his case on that limited issue. Attorney Dougherty subsequently moved the trial court to reconsider its ruling, citing, inter alia, Evid. R. 611(A) and (B) and supporting case law.

**{¶69}** Because the scope of Husband's cross-examination of Ditty did not include testimony relative to the fees Ditty charged for his services, we find the trial court did not abuse its discretion by restricting the scope of redirect examination. *State v. Faulkner* (1978), 56 Ohio St.2d 42, 46, 381 N.E.2d 934.

**{¶70}** Wife's seventh assignment of error is overruled.

CROSS-APPEAL

I

**{¶71}** In his first cross-assignment of error, Husband contends the trial court abused its discretion and erred by committing a significant mathematical miscalculation in its attempt to equalize the distribution of marital property.

**{¶72}** In reviewing an order on property division, this Court will not disturb the trial court's decision absent a showing of an abuse of discretion. *Martin v. Martin* (1985), 18 Ohio St.3d 292, 480 N.E.2d 1112.

**{¶73}** Husband submits the trial court incorrectly assumed he was in possession of some portion of the funds in Wife's investment accounts and annuity, which he claims he was not.  Husband explains Wife is in possession of marital assets totaling $543,511.39, while he is in possession of only $67,857.50 worth of marital assets.  The difference between those figures, $475,653.89, divided in half, results in each party receiving $237,826.94 worth of property.  Husband's portion is reduced by $124,003.80, the amount he owes Wife pursuant to the temporary orders, leaving $113,823.14 owed to him from Wife.

**{¶74}** Upon review, we find the trial court did not abuse its discretion in fashioning the distribution of marital assets as it did.  Wife was to receive $289,437.07 worth of property, while Husband was to receive assets totaling $219,086.01.  The trial court ordered Wife to pay Husband $70,351.06 to equalize the division.  We find the fact Wife was in possession of more property does not equate to a finding the distribution was inequitable or based upon incorrect mathematical calculations.

**{¶75}** Husband's first cross-assignment of error is overruled.

CROSS-APPEAL

II

**{¶76}** In his second cross-assignment of error, Husband asserts the trial court erred and abused its discretion in awarding Wife one-half of the value of the five carat diamond Husband received as a gift from his mother in 2002, as such is Husband's separate property.

**{¶77}** As set forth supra, we review a trial court's classification of property as marital or separate under a manifest weight of the evidence standard and will affirm if the classification is supported by some competent, credible evidence. *Taub*, supra.

**{¶78}** At Christmas, 2002, Husband's mother presented Husband and each of his four sisters with five carat diamonds. Wife does not contest the diamond was originally a gift to Husband. However, Wife testified Husband gave the diamond to her as a gift and the parties went to a jewelry store and had the stone mounted into a ring. The magistrate found Wife did not meet her burden of proof to establish the diamond was her separate property. The magistrate ordered the diamond be sold with each party receiving one half of the net proceeds.

**{¶79}** Husband did not object to the magistrate's order relative to the diamond.

**{¶80}** Civ.R. 53(D)(3)(b)(iv) provides:

**{¶81}** "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶82}** Because Husband failed to object to the magistrate's decision with regard to the classification of the diamond, we find this argument to be waived.

**{¶83}** Husband's second cross-assignment of error is overruled.

**{¶84}** The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed in part; reversed in part; and remanded for further proceedings consistent with the law and this Opinion.

By: Hoffman, J.

Delaney, P.J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

KATHLEEN A. THOMAS                          :
                                            :
Plaintiff-Appellant/Cross-Appellee          :
                                            :
-vs-                                        :          JUDGMENT ENTRY
                                            :
KENNETH D. THOMAS, ET AL.                   :
                                            :
Defendant-Appellee/Cross-Appellant          :          Case No. 11CAF090079

For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed in part; reversed in part; and remanded for further proceedings consistent with the law and our Opinion.  Costs assessed equally.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Julie A. Edwards _____
HON. JULIE A. EDWARDS