[Cite as *Brodbeck v. Brodbeck*, 2025-Ohio-980.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LEAH BRODBECK, | : | JUDGES: |
| | : | Hon. Robert G. Montgomery, P.J. |
| Plaintiff - Appellant | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| BRETT BRODBECK, | : | Case No. 24 CAF 07 0043 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Delaware County
Common Pleas Court, Case No. 22
DR B 01 0048

JUDGMENT: Affirmed

DATE OF JUDGMENT: March 20, 2025

APPEARANCES:

For Plaintiff-Appellant

J.C. RATLIFF
ROCKY RATLIFF
KYLE PHILLIPS
200 West Center Street
Marion, OH 43302

For Defendant-Appellee

CASSIE L. SCRENGI
10 West Broad Street
Suite 1550
Columbus, OH 43215

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

**{¶1}** Appellant and Appellee were married on August 12, 2018. Appellant filed a Complaint for Divorce in Delaware County on January 25, 2022. Appellee filed a Counterclaim for Divorce on February 18, 2022. A Magistrate's Decision Granting Divorce was filed by the trial court on July 18, 2023. Appellant filed initial objections on August 1, 2023 and supplemental objections on September 19, 2023. Appellee filed initial objections to the magistrate's decision on August 2, 2023 and supplemental objections on September 19, 2023. The trial court independently reviewed the matter and adopted the magistrate's decision in part and modified the decision in part. The trial court overruled Appellant's initial and supplemental objections. The trial court overruled in part and sustained in part Appellee's initial and supplemental objections. The trial court issued a Judgment Entry and Decree of Divorce on June 20, 2024.

**{¶2}** Appellant and Appellee were married for approximately 3½ years when Appellant filed her Complaint for Divorce. Appellant and Appellee have no children. The duration of the marriage for purposes of division of marital property and debts is from August 12, 2018 until November 21, 2022. (*Judgment Entry and Decree of Divorce*, p.40.) Appellant has been a schoolteacher since 2008 and has an STRS account that increased in value by $57,240.13 during the parties' marriage. (*Magistrate's Decision Granting Divorce,* p. 14.) The magistrate awarded Appellant 100% of her STRS pension and Appellee filed an objection to this finding. (*Defendant's Initial Objections*, pg.1 and *Defendant's Supplemental Objections*, pg. 2.)

**{¶3}** The trial court reversed the decision of the magistrate and awarded Appellee one-half of the marital portion of the STRS account to include gains and losses from the date of the final hearing to the date of transfer. (*Judgment Entry*, p.41.) The trial court also ordered that Appellee will be responsible for the cost of the preparation of any Division of Property Order necessary to effectuate this award and Appellant shall cooperate. *Id.*

**{¶4}** Appellee is a licensed chiropractor. Appellee started a business called Modern Spine Chiropractics ("Modern Spine") in 2015. Appellee left that entity and went to work for Airrositi Rehab Center ("Airrositi) as a W-2 employee. Appellee was employed by Airrositi when the parties married. Appellee left Airrositi and started another entity known as Star Clinics. Appellee leased equipment through Modern Spine for Star Clinics. Star Clinics paid the monthly lease payment to Modern Spine. Appellee consolidated Modern Spine and Star Clinics into an entity called Star Health & Body, LLC ("Star Health"). Star Health had a stream of income but no assets. (*Judgment Entry,* p. 23.) Appellee also had a 10% interest in a consulting business known as B Group LLC. B Group LLC was not generating income and was determined by the court to have no value. (*Judgment Entry*, p. 9.) Appellee was awarded "any business interest he may have in Modern Spine Chiropractic, LLC, Shockwave Therapy, B Group, LLC, Star Clinics, Star Health & Body LLC Arthritis & Joint Pain Relief, and any other entity under which he conducted or currently conducts his business as a chiropractor, including all equipment, bank accounts and other assets subject to all debts, liabilities, and leases due thereon." (*Judgment Entry,* p. 41.*)* The trial court valued Appellee's business interests and determined they had a $0.00 value. (*Judgment Entry,* p.9.*)*

**The Appellant asserts Six Assignments of Error**

{¶5} "I. THE TRIAL COURT ERRED WHEN IT VALUED APPELLEE'S PENSION AND THE DIVISION OF SAID ASSET WAS NOT EQUITABLE.

{¶6} II. THE TRIAL COURT ERRED WHEN IT FAILED TO APPLY APPELLEE'S SOCIAL SECURITY RETIREMENT BENEFITS AGAINST APPELLANT'S PENSION AND DETERMINED APPELLEE HAD NO SUCH BENEFITS.

{¶7} III. THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE A FINDING OF FINANCIAL MISCONDUCT.

{¶8} IV. THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER THE PARTIES' 2020 TAX REFUND.

{¶9} V. THE TRIAL COURT ERRED IN THE VALUATION OF APPELLEE'S BUSINESSES.

{¶10} VI. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶11} Appellee did not file a brief with the Court of Appeals.

## STANDARD OF REVIEW

{¶12} To review a trial court's decision as to division of property, an appellate court will apply an abuse of discretion standard. "A reviewing court may modify the trial court's decision only if it finds that the trial court abused its discretion in dividing the property." *Welsh v. Pojman*, 2003-Ohio-6708 at 20.

{¶13} "Abuse of Discretion" is defined as an arbitrary, unreasonable, or unconscionable attitude of the court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence or grossly unsound. *Vent v. Vent*, 2012-Ohio-5946 (3rd Dist.).

{¶14} A trial court's review of a magistrate's decision is governed by Civ.R. 53. Pursuant to Civ.R. 53(D)(3)(b)(iv): "[e]xcept for a claim of plain error, a party shall not

assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party had objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Furthermore, Civ.R. 53(D)(3)(b)(ii) requires that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."

## ANALYSIS

{¶15} Appellant argues in her first assignment of error that the trial court erred when it valued Appellee's pension and the division of said asset was not equitable. Based upon the argument posed by the Appellant, she is arguing that **her** STRS pension was not valued correctly. This Court will assume that Appellant made a typographical error. The only evidence submitted to the trial court regarding Appellant's retirement account were two STRS statements dated June 30, 2018 and June 30, 2021. The statements showed that the pension withdrawal value was $101,426.48 on June 30, 2018 and $158, 666.61 on June 30, 2021. (*Judgment Entry*, p. 33.) The magistrate found that Appellant contributed $40,383 to this account during the marriage and awarded Appellant 100% of this account. (*Mag. Dec.*, p. 24.) Appellee filed objections to the magistrate's decision arguing that the magistrate should have used a coverture formula to value the marital portion of Appellant's STRS account. The trial court found that the withdrawal value of Appellant's STRS pension increased by $57,240.13 during the parties' marriage and this increased amount constituted marital property. (*Judgment Entry,* p. 33.) The trial court awarded Appellee one-half of the marital portion of Appellant's STRS account. (*Id.* p. 41.) Appellant argues that the trial court did not have enough information before it to make a

finding as to the value of her STRS pension. Appellant cites *Raymond v. Raymond*, 2011-Ohio-6137, which found "a party's failure to put on any evidence of value does not permit the trial court to assign an unknown as the value of a marital asset." However, the trial court in this case had evidence presented by the parties upon which it decided the value of Appellant's STRS pension.

**{¶16}** This court finds that the trial court's valuation and division of the pension is reasonable, and Appellant's first assignment of error is overruled.

**{¶17}** Appellant argues in her second assignment of error that the trial court should have offset the marital portion of her STRS benefits against Appellee's social security retirement benefits.

**{¶18}** The magistrate found that Appellee has not earned enough credits of work to receive social security retirement benefits or social security disability benefits. (*Magistrate's Decision,* p.14-15.) Appellant filed objections to the magistrate's decision but failed to object to this finding by the magistrate. The magistrate's finding regarding Appellee's social security benefits was adopted by the trial court. Since Appellant failed to raise this issue in an objection to magistrate's decision, Appellant has forfeited the right to assign this issue as an error on appeal. *John Soliday Fin. Group, LLC v. Robart*, 2009-Ohio-2459 (9th Dist.), "Where a party fails to raise an issue in its objections to a magistrate's decision, that issue is forfeited on appeal." *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 2015-Ohio-46, ¶ 24 (9th Dist.). *See also Adams v. Adams*, 2014-Ohio-1327, ¶ 6 (9th Dist.). Therefore, Appellant's second assignment of error is overruled.

**{¶19}** Appellant asserts in her third assignment of error that the trial court erred when it failed to make a finding of financial misconduct. Appellant made a similar

argument to the trial court in her Sixth Objection to the magistrate's decision. (*Plaintiff's Objections to the Magistrate's Decision filed July 18, 2023.*) Appellant argued that the "magistrate erred by refusing to order a distributive award to Plaintiff (Appellant) based on Defendant's (Appellee's) financial misconduct." *Id.* p.8. The trial court overruled Appellant's objection finding that "the closing of a business entity is and of itself not financial misconduct." *(Judgment Entry, p.22.)* The trial court further found that "the starting of a new business with Appellee's life partner was not financial misconduct." *Id.* at 23. Finally, the trial court found that Appellee "provided bank statements, financial records, tax returns, and other discovery accounting for his finances, assets, debts, and liabilities all accounting for his finances as part of discovery". *Id.* at 24.

**{¶20}** R.C. 3105.171(E)(4) defines financial misconduct as the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets. "Financial misconduct requires more than just dishonest behavior, it requires a wrongdoing that interferes with a spouse's property rights and results in profit to the wrongdoer from the alleged misconduct or stems from an intentional act meant to defeat the other spouse's distribution of assets". *Thomas v. Thomas*, 2012-Ohio-2893 (5th Dist.). Appellant argues that Appellee's failure to disclose his 10% interest in B Group LLC on his property affidavit constituted financial misconduct. At the time of the hearing, the trial court found that B Group LLC was not generating income and had no value. Appellee testified that since B Group LLC was not generating income, he did not disclose his 10% interest on his property affidavit. Appellee disclosed this business interest during the trial and Appellant had the opportunity to cross-examine Appellee regarding this business interest. The trial court considered this argument made by Appellant and found that Appellee did not

commit financial misconduct. The court finds that this decision of the trial court is reasonable, and Appellant's third assignment of error is overruled.

{¶21} The issue raised by Appellant in her fourth assignment of error was not raised as an objection to the Magistrate's Decision Granting Divorce filed on July 18, 2023. Appellant states in her brief that Appellant's previous counsel "failed to file objections to the Magistrate's Decision the fact that the parties' 2020 tax return was not considered." (*Appellant Brief*, p. 22.) Appellant failed to raise this issue as an objection to the magistrate's decision and for reasons previously stated is precluded from raising it on appeal. Appellant's fourth assignment or error is overruled.

{¶22} Appellant asserts in her fifth assignment of error that the trial court erred in its valuation of Appellee's businesses. Appellant made a similar argument to the trial court in her first objection to the magistrate's decision which stated, "The magistrate erred by not properly identifying, valuing, and considering Defendant's business interests." (*Plaintiff's Objections*, p. 4.) Valuation of property presents a question of fact that is reviewed under the manifest weight of the evidence standard and will not be reversed so long as it is supported by some competent and credible evidence. *Lotz v. Lotz*, 2014-Ohio-5625 (10th Dist.). The evidence presented to the trial court regarding the Appellee's various businesses was tax returns, depreciation schedules from 2020 and 2021 and testimony of the Appellant and Appellee. Appellant asserts that the trial court failed to consider business assets that were not leased equipment and that the trial court's valuation of Appellee's businesses was incorrect. The trial court addressed the business interests of Appellee in pages 4 through 9 of the Judgment Entry and Decree of Divorce. In reviewing pages 4 through 9 of the Judgment Entry, this Court finds that the trial court

considered the business assets of Appellee's businesses and based its decision on competent and credible evidence. Therefore, Appellant's 5th assignment of error is overruled.

**{¶23}** Appellant's final assignment of error is without merit. A claim for ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration in its application when the attorney was employed by a civil litigant. *Phillis v Phillis*, 2005-Ohio-6200 (3rd Dist.). This Court has allowed "ineffective assistance of counsel" claims in civil permanent custody appeals. *In Re Utt Children*, 2003-Ohio-4576 (5th Dist.). Appellant employed the attorney who represented her during the divorce proceedings. Appellant has not been incarcerated in this case nor is this a case regarding permanent custody. Therefore, the Appellant's claim of ineffective assistance of counsel is without merit and is overruled.

## <u>CONCLUSION</u>

**{¶24}** For the reasons stated above, Appellant's assignments of error one, two, three, four, five and six are overruled. The trial court's decision is affirmed.


By: Montgomery, P.J.

Popham, J. and

Gormley, J. concur.