[Cite as *Kilpatrick v. Kilpatrick*, 2011-Ohio-443.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JANE A. KILPATRICK | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10 CAF 09 0080 |
| JOEL KILPATRICK | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Delaware County Court of
Common Pleas, Domestic Relations
Division, Case No. 06 DR A 03 0131


JUDGMENT:  AFFIRMED


DATE OF JUDGMENT ENTRY:  January 27, 2011


APPEARANCES:

For Appellant:

ROBERT M. OWENS
46 N. Sandusky St., Suite 202
Delaware, OH 43015

For Appellee:

ANTHONY HEALD
125 N. Sandusky St.
Delaware, OH 43015

*Delaney, J.*

{¶1}   Defendant-Appellant Joel Kilpatrick appeals the August 31, 2010 judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division.

{¶2}   This case comes to us on the accelerated calendar.  App. R. 11.1, which governs accelerated calendar cases provides, in pertinent part:

{¶3}   "(E) Determination and judgment on appeal.

{¶4}   "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶5}   "The decision may be by judgment entry in which case it will not be published in any form."

{¶6}   This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶7}   The facts relevant to this appeal are as follows.  Plaintiff-Appellee, Jane Kilpatrick and Appellant were married on April 17, 1993.  Three children were born as issue of the marriage: J.K., born August 6, 1995; J.K., born February 28, 1999; and J.K., born June 29, 2002.

{¶8}   The parties separated on or about January 17, 2006.  Appellee filed a Complaint for Divorce on March 22, 2006.  Appellant filed an Answer and Counterclaim. The Magistrate issued Temporary Orders on October 9, 2006 and a Guardian ad Litem

was appointed to the case. The matter went to trial in 2008 and the following facts were adduced at trial.

{¶9}    At the time of divorce, Appellee worked part-time as nurse for the Red Cross. Appellant was employed by NCO Financial and his salary was $70,000 per year, but at the time of trial, Appellant stated he was unemployed.

{¶10} Appellee reviewed the parties' joint accounts after Appellant left and Appellee discovered that Appellant had withdrawn $34,648.41 from their joint accounts. Appellant stated that he had withdrawn the money and given it to his girlfriend, Kerry Davidson, for her financial support including her plastic surgeries, her mortgage and utilities, and the purchase of a 1957 Chevy Bel Air as a prop for her modeling career. Appellant also cashed out and retained funds from two retirement accounts during the pendency of the divorce: a Fidelity account in the amount of $78,375.47 and an IBM account in the amount of $58,324.00. Appellant further kept the tax refunds for the year 2005, totaling $11,653.00.

{¶11} Appellee transferred the remaining funds from the joint account, approximately $13,600, to an individual account. During the pendency of the divorce, two of Appellant's paychecks were deposited and utilized by Appellee for the operation of the household without Appellant's permission. Appellant also stated that Appellee used Appellant's credit cards for her individual purpose. Until the issuance of the temporary orders on October 9, 2006, Appellant did not pay child support.

{¶12} In November 2006, Appellant made no further mortgage payments on the marital home. The marital home was foreclosed upon in January 2007.

{¶13} Both parties filed for bankruptcy and secured discharges.

{¶14} In April 2006, Appellant was residing with Ms. Davidson and her children in the state of Missouri. Appellant and Ms. Davidson have a child together, born September 28, 2006. Appellant states that he pays Ms. Davidson $780 per month directly for child support as ordered by an administrative support order issued from Buchanan County, Missouri.

{¶15} Prior to trial, the parties expressed to the Magistrate that they had reached an agreement as to parenting time for their three children.

{¶16} On December 31, 2009, the Magistrate issued a decision as to the parties' divorce. Appellant filed objections to the Magistrate's Decision. On August 31, 2010, the trial court overruled Appellant's objections. It is from this decision Appellant now appeals.

{¶17} Appellant raises five Assignments of Error:

{¶18} "I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY FAILING TO ABIDE BY THE CIVIL RULE 75(N) AND O.R.C. §3109.04(C) IN THAT DEFENDANT'S PARENTAL RIGHTS WERE TERMINATED WITHOUT CAUSE AND A PROPERLY MADE MOTION FOR PSYCHOLOGICAL EXAMINATION WAS NEVER RULED UPON AND THEN DENIED WITHOUT EXPLANATION.

{¶19} "II. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY FAILING TO FACTOR IN EVIDENCE OF CLEAR FINANCIAL MISCONDUCT PERPETRATED BY THE PLAINTIFF-APPELLEE.

{¶20} "III. THE TRIAL COURT IMPROPERLY ASSESSED A VALUE TO SIGNIFICANT MARITAL ASSETS THAT PLAINTIFF SOLD IN VIOLATION OF A PREVIOUS COURT ORDER.

{¶21} "IV. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY FAILING TO PROVIDE AN OFFSET FOR A CHECK THAT PLAINTIFF-APPELLEE FORGED, EVEN AFTER SAID FORGERY WAS ADMITTED.

{¶22} "V. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY FAILING TO FACTOR DEFENDANT-APPELLANT'S VALID MISSOURI CHILD SUPPORT ORDER INTO THE CHILD SUPPORT ORDER."

**I.**

{¶23} Appellant argues that the trial court erred in failing to timely rule upon his Motion for Psychological Evaluation filed December 14, 2006. Appellant also argues it was error for the trial court to deny Appellant parenting time for a period of time during the pendency of the divorce action, finding it was not in the best interests of the children at the recommendation of the Guardian ad Litem.

{¶24} At the time of trial, counsel for Appellant stated that the parties resolved the parenting issues. In the December 31, 2009 Magistrate's Decision, the Magistrate stated that all motions not specifically ruled upon were considered and subsequently denied.

{¶25} Upon review of the record, we find the trial court did not abuse its discretion in overruling Appellant's objections on these issues because it found them to be waived. Appellant had the opportunity to raise his arguments in the trial court on multiple occasions, but did not do so and in fact stated that the parenting issues had

been resolved by the parties at the time of trial. Appellant also did not bring to the Magistrate's attention any other issues in regards to any pending motions.

{¶26} Appellant's first Assignment of Error is overruled.

**II., IV.**

{¶27} Appellant argues in his second Assignment of Error that the trial court erred in not finding that Appellee had engaged in financial misconduct during the pendency of the divorce. Appellant also raises Appellee's alleged financial misconduct in his fourth Assignment of Error, arguing that Appellee engaged in financial misconduct when she deposited two of Appellant's paychecks during the pendency of the divorce. We disagree.

{¶28} R.C. 3105.171(E)(3) provides "[i]f a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." The burden of proving financial misconduct is on the complaining spouse.

{¶29} The trial court has discretion in determining whether a spouse committed financial misconduct, subject to a review of whether the determination is against the manifest weight of the evidence. *Boggs v. Boggs,* Delaware App. No. 07 CAF 02, 2008-Ohio-1411 at paragraph 73, citing *Babka v. Babka* (1992), 83 Ohio App.3d 428, 615 N.E.2d 247.

{¶30} Financial misconduct implies some type of wrongdoing such as interference with the other spouse's property rights. *Bucalo v. Bucalo,* Medina App. No.

05CA0011-M, 2005-Ohio-6319. The burden of proving financial misconduct is on the complaining party. *Gallo v. Gallo,* 2002-Ohio-2815, Lake App. No.2000-L-208.

{¶31} In *Mikhail v. Mikhail,* Lucas App. No. L-03-1195, 2005-Ohio-322, the Sixth District found that financial misconduct must be based on "wrongdoing." In describing the wrongdoing, the court stated "[t]ypically, the offending spouse * * * either profit[s] from the misconduct or intentionally defeat[s] the other spouse's distribution of marital assets." Id. at paragraph 28.

{¶32} In *Eggeman v. Eggeman,* Auglaize App. No. 02-04-06, 2004-Ohio-6050, the Third Appellate District also found that "[b]efore a compensating award is made * * * there must be a clear showing that the offending spouse either profited from the alleged misconduct or intentionally defeated the other spouse's distribution of assets." Id. at ¶24. The court found while the husband did engage in financial misconduct, the distributive award to the wife was not warranted because the record failed to show the husband personally gained or profited from his misconduct or that the wife's interest was defeated. Id.

{¶33} We have reviewed the record in this case and find that the trial court's determination that Appellee did not engage in financial misconduct pursuant to R.C. 3105.171(E) (3) was not against the manifest weight of the evidence. The record fails to show that Appellee personally gained or profited from her activities or that Appellant's interest was defeated. As the trial court noted, Appellee's actions were a direct result of Appellant's own financial misconduct such as keeping the 2005 tax refunds, utilizing marital funds to pay for his girlfriend's support, cashing out two retirement accounts, and no longer paying the mortgage on the marital home.

{¶34} Appellant's second and fourth Assignments of Error are overruled.

### III.

{¶35} Appellant argues in his third Assignment of Error that the trial court erred as to its valuation of marital assets. In the Magistrate's Decision, the Magistrate determined that neither party provided credible or probative evidence of the valuations of the property. A trial court's valuation of marital property will not be reversed absent an abuse of discretion. *Rinaldi v. Rinaldi*, Stark App. No. 2009CA00200, 2010-Ohio-3127, ¶58. We can find no abuse of discretion in the trial court's determination of the valuation of the assets. Further, the Magistrate determined that the evidence showed that the funds from the sale of the household items raised by Appellant were utilized by Appellee to pay the overdue tuition for the children's parochial school.

{¶36} Appellant's third Assignment of Error is overruled.

### V.

{¶37} Appellant argues in his final Assignment of Error that the trial court failed to consider the child support paid by Appellant in the state of Missouri when calculating his child support. We disagree.

{¶38} The Magistrate found that Appellant had failed to provide sufficient credible evidence that he paid child support to Ms. Davidson. First, Appellant testified at trial that he paid Ms. Davidson child support directly rather than pursuant to income withholding as required by the administrative order. Second, Appellant testified that he had made the payments on the support order but did not provide supporting documentation that those payments had been made. The credibility of the witness is

within the purview of the trial court.  We find no error in the trial court's lack of reliance on Appellant's testimony.

{¶39}  Appellant's fifth Assignment of Error is overruled.

{¶40}  The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Delaney, J.

Gwin, P.J. and

Hoffman, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN

[Cite as *Kilpatrick v. Kilpatrick*, 2011-Ohio-443.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JANE A. KILPATRICK | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOEL KILPATRICK | : | |
| | : | |
| | : | Case No. 10 CAF 09 0080 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN