[Cite as *Shalash v. Shalash*, 2013-Ohio-5064.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IMAN SHALASH | : | JUDGES: |
| | : | |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | Hon. Patricia A. Delaney, J. |
| | : | |
| HATEM SHALASH, ET AL. | : | Case No. 12 CAF 11 0079 |
| | : | |
| Defendants-Appellees | : | |
| | : | |
| and | : | |
| | : | |
| SATSHA EXPRESS, INC. AND | : | |
| FATHEIH SHALASH | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
                             of Common Pleas, Domestic Relations
                             Division, Case No. 10 DR A 03 0140

JUDGMENT:                    REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      November 7, 2013

APPEARANCES:

For Plaintiff-Appellee:                  For Defendants-Appellants:

ROBERT C. PETTY                          RONALD B. NOGA
270 Bradenton Ave.                       1010 Old Henderson Road, Suite 1
Dublin, OH 43017                         Columbus, OH 43220

*Delaney, J.*

{¶1}   Defendants-Appellants Satsha Express, Inc. and Fatheih Shalash appeal the May 1, 2012 and October 18, 2012 judgment entries of the Delaware County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On March 16, 2010, Plaintiff-Appellee Iman Shalash filed a complaint for divorce against her husband, Defendant Hatem Shalash.  Wife also served a restraining order upon Husband restraining him from selling, encumbering, disposing, or in any manner secreting assets of the marriage.

{¶3}   Wife named 1925 Express Business, Inc., a corporation owned by Husband, as a defendant in the complaint.  In 2007, the corporation purchased the Express Drive Thru located in Columbus, Ohio for approximately $200,000.  On March 23, 2010, Husband executed a purchase agreement to sell 1925 Express Business, Inc. for approximately $55,000 to Husband's mother, Defendant-Appellant Fatheih Shalash ("Mother").  Mother formed a corporation named Satsha Express, Inc.  At the time of the sale, 1925 Express Business, Inc. had significant sales tax assessments.

{¶4}   On October 8, 2011, Wife filed an amended complaint and named Defendant-Appellant Satsha Express, Inc. as a defendant.

{¶5}   The trial court held a trial on the complaint for divorce in November 2011. Husband's counsel withdrew from the action and the proceedings were stayed.

{¶6}   On May 1, 2012, the trial court sua sponte ordered it was necessary for Mother to be joined as a defendant in the action.  The May 1, 2012 judgment entry states that based on testimony and evidence garnered during the resolution of pre-trial

motions, the trial court determined the sale of the 1925 Express Business, Inc. was a sham transaction to eliminate a marital asset. The trial court stated that in order to properly consider 1925 Express Business, Inc. as a marital asset, the transaction between Husband and his Mother must be vacated.

{¶7}   Trial resumed on June 4, 2012. Mother and Husband testified as to the transaction to sell 1925 Express Business, Inc.

{¶8}   On June 11, 2012, the trial court issued a judgment entry finding the business transaction between Husband and his Mother to purchase 1925 Express Business, Inc. was a sham transaction. The trial court found the business now known as Satsha Express was a marital asset of Husband and Wife. The trial court ordered Mother to hold the business in a constructive trust for the parties.

{¶9}   The decree of divorce was filed on October 18, 2012. The trial court found Husband engaged in financial misconduct. The trial court made a distributive award and assigned all marital debt to Husband. Husband did not appeal the October 18, 2012 decree of divorce.

{¶10} In a separate judgment entry issued on October 18, 2012, the trial court found Husband's transaction to sell 1925 Express Business, Inc. to Mother was a sham transaction. Effective November 1, 2012, Mother was ordered to transfer the business entity known as Satsha Express, Inc. to Wife. The transfer included all equipment, fixtures, inventory, and rights to existing liquor permits, but not any debts or liabilities. Wife was solely responsible for running the business, but the trial court granted Husband 30% of the net profits of which the sales tax assessments were to be paid.

{¶11} Mother and Satsha Express now appeal the May 1, 2012 and October 18, 2012 judgment entries.

**ASSIGNMENTS OF ERROR**

{¶12} Mother and Satsha Express raise three Assignments of Error:

{¶13} "I. THE DOMESTIC RELATIONS COURT'S ORDER INVALIDATING THE SALE OF THE BUSINESS 1925 EXPRESS, INC. TO SATSHA EXPRESS, INC. WAS OUTSIDE OF THE SUBJECT MATTER JURISDICTION OF THE DIVISION OF DOMESTIC RELATIONS AS IT DETERMINES A COLLATERAL CLAIM AND THE RIGHTS OF A THIRD PARTY.

{¶14} "II. THE TRIAL COURT ERRED IN DETERMINING THE TRANSFER OF BUSINESS ASSETS FROM 1925 EXPRESS, INC. TO SATSHA EXPRESS, INC. WAS A SHAM TRANSACTION.

{¶15} "III. THE TRIAL COURT LACKED JURISDICTION TO ORDER A TRANSFER OF LIQUOR PERMITS FROM SATSHA EXPRESS, INC. TO THE APPELLEE AS THAT AUTHORITY LIES SOLELY WITH THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY."

**ANALYSIS**

*I. and II.*

{¶16} We consider the first and second Assignments of Error of Mother and Satsha Express together because the resolution of the Assignments of Error requires an interrelated analysis. In the first Assignment of Error, Mother and Satsha Express argue the trial court went beyond its subject matter jurisdiction when it vacated the transaction to sell 1925 Express Business, Inc. to Mother. Mother and Satsha Express argue in the

second Assignment of Error the trial court abused its discretion in finding the sale of 1925 Express Business, Inc. to Mother was a sham transaction.

{¶17} In this case, the trial court determined the evidence demonstrated 1925 Express Business, Inc. was a marital asset.  The trial court then found the sale of the business by Husband to Mother was a sham transaction and ordered Mother to return the business to Wife.  Mother and Satsha Express argue the trial court exceeded its jurisdiction as a court of domestic relations in making any determination as to Mother and Satsha Express.  We agree, in part.

<u>Husband's and Wife's Marital Property</u>

{¶18} R.C. 3105.011 provides:

The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters.  This section is not a determination by the general assembly that such equitable powers and jurisdiction do not exist with respect to any such matter.

{¶19} The Eighth District Court of Appeals held, in relevant part, that R.C. 3105.011, "limits the jurisdiction of the domestic relations [court] to the determination of domestic relations matters.  Any collateral claims must be brought in a separate action in the appropriate court or division when the claim involves the determination of the rights of a third-party."  *Lisboa v. Karner,* 167 Ohio App.3d 359, 2006-Ohio-3024, 855 N.E.2d 136 (8th Dist.).

{¶20} The Eleventh District Court of Appeals, relying upon *Lisboa*, held in *Mitchell v. Mitchell*, 11th Dist. Portage No. 2007-P-0023, 2008-Ohio-833, ¶ 63:

Although the term "domestic relations matter" is not specifically defined in any of the relevant statutes, *Tanagho [v. Tanagho,* 10 Dist. Franklin No. 92AP-1190, 1993 WL 50950 (Feb. 23, 1993)]*,* upon which the court in *Lisboa* relied, held that the determination of "whether [a] property is a * * * marital asset" [is] "within the jurisdiction of the domestic relations court," despite the fact that a third party also was claiming an interest in the property. 1993 Ohio App. LEXIS 1201, at *7, 2003 WL 50950. Put another way, the issues of determining whether or not an asset should be included in the marital estate, "and *if it [is] a marital asset,* its valuation for purposes of property distribution" *are* primarily domestic relations matters, whereas a separate action to quiet title in property filed in the domestic relations court by a third party would not be. *Id.* at *6 -*7 (emphasis added).

{¶21} R.C. 3105.171(B) requires the trial court to determine what constitutes marital property and what constitutes separate property. Accordingly, we find the trial court had jurisdiction to determine what assets comprised the marital estate because that determination is primarily a domestic relations matter. The trial court correctly determined 1925 Express Business, Inc. was a marital asset. The next issue, however, is whether the trial court exceeded its jurisdiction when it awarded the marital asset 1925 Express Business, Inc. to Wife because of Husband's financial misconduct.

<u>Husband's Financial Misconduct</u>

{¶22} As stated above, the trial court found the evidence demonstrated 1925 Express Business, Inc. was a marital asset. The trial court next found the sale of the

business by Husband to Mother was a sham transaction and ordered Mother to return the business to Wife.

{¶23} R.C. 3105.171(E)(4) provides:

If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.

{¶24} Financial misconduct occurs when one spouse engages in some type of knowing wrongdoing, by which the spouse either profits or intentionally interferes with the other spouse's property rights. *Sears v. Sears*, 5th Dist. Knox No. 12-CA-09, 2012-Ohio-5968, ¶ 55 citing *Taub v. Taub,* 10th Dist. Franklin No. 08AP–750, 2009–Ohio–2762, ¶ 33; *Heller v. Heller,* 10th Dist. Franklin No. 07AP–871, 2008–Ohio–3296, ¶ 27; *Hamad v. Hamad,* 10th Dist. Franklin No. 06AP–516, 2007–Ohio–2239, ¶ 62. To find financial misconduct, a court must look to the reasons behind the questioned activity or the results of the activity and determine whether the wrongdoer profited from the activity or intentionally dissipated, destroyed, concealed, or fraudulently disposed of the other spouse's assets. *Thomas v. Thomas*, 2012-Ohio-2893, 974 Ohio App.3d 679, ¶ 63 (5th Dist.). The decision regarding whether to compensate a party for the financial misconduct of the opposing party is discretionary with the trial court. *Thomas*, at ¶ 62 citing *Leister v. Leister*, 5th Dist. Delaware No. 97CA–F–07027, 1998 WL 751457 (Oct. 23, 1985). Therefore, a trial court's decision on this issue will not be reversed on appeal absent a showing of an abuse of discretion. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶25} It is the burden of the moving party to prove financial misconduct of the other spouse. *Kilpatrick v. Kilpatrick*, 5th Dist. Delaware No. 10 CAF 09 0080, 2011-Ohio-443, ¶ 30. The trial court has discretion in determining whether a spouse committed financial misconduct, subject to a review of whether the determination is against the manifest weight of the evidence. *Boggs v. Boggs,* 5th Dist. Delaware No. 07 CAF 02, 2008–Ohio–1411 at ¶ 73.

{¶26} In the June 11, 2012, May 1, 2012, and October 18, 2012 judgment entries, the trial court found the sale of 1925 Express Business, Inc. to Mother was a sham transaction because Husband attempted to deprive Wife of an equitable share of a marital asset in violation of the trial court's restraining order. (Decree of Divorce, Oct. 18, 2012). Such is a finding of financial misconduct pursuant to R.C. 3105.171(E)(4) because the statute defines financial misconduct as "the dissipation, destruction, concealment, or fraudulent disposition of assets."

{¶27} Husband has not appealed the trial court's finding that he engaged in financial misconduct as to the sale of 1925 Express Business, Inc. In their second Assignment of Error, Mother and Satsha Express argue the sale of 1925 Express Business, Inc. was not financial misconduct on the part of Husband. Upon our review of the record, we find the trial court's decision Husband engaged in financial misconduct as to the disposition of 1925 Express Business, Inc. was supported by the manifest weight of the evidence. The evidence in this case supports the trial court's conclusion Husband sold the business to his Mother after Wife filed her complaint for divorce and in contravention of a restraining order, thereby intentionally interfering with Wife's property rights in the business. The second Assignment of Error is overruled.

{¶28} After the trial court made the determination 1925 Express Business, Inc. was a marital asset and found that Husband's sale of 1925 Express Business, Inc. was financial misconduct, the trial court ordered the transaction vacated and for Mother to return the marital asset to Wife. In *Albaugh v. Albaugh*, 10th Dist. Franklin No. 81AP-637, 1982 WL 4296 (July 22, 1982), husband transferred seven shares of stock to his children in order to eliminate those shares from being considered as marital property by the trial court. *Id.* at *3. The court held the trial court should treat for purposes of dividing the marital property the seven shares *as being owned* by the husband. *Id.* Of note is that the court did not order the stocks be transferred back to the marital estate.

{¶29} Under R.C. 3105.171(E)(4), the trial court has two remedies to compensate a spouse for the other spouse's financial misconduct: (1) a distributive award or (2) a greater award of marital property. 1925 Express Business, Inc. was a marital asset through which Husband engaged in financial misconduct in disposing of that asset via sale to his Mother. Pursuant to the guidance of *Albaugh* and the limitations of R.C. 3105.171(E)(4), we find the trial court, in compensating Wife for Husband's financial misconduct, should have considered the *value* of 1925 Express Business, Inc. as part of the marital estate, rather than vacating the sale of the business and granting Wife the ownership of the business. Ordering the transfer of the business from Mother to Wife was an inappropriate extension of the trial court's authority in this case because the court had alternative remedies to utilize, such as the application of the financial misconduct statute. The trial court could award Wife a distributive award or a greater award of marital property from the total marital estate.

{¶30} The first Assignment of Error is overruled in part and sustained in part.

*III.*

{¶31} Mother and Satsha Express argue in their third Assignment of Error the trial court erred in ordering the parties to transfer their rights in the liquor permit to 1925 Express Business, Inc. to Wife. We agree.

{¶32} The Tenth District Court of Appeals, in *Bahta v. Eqube*, 10th Dist. No. 12AP-690, 2013-Ohio-1253, recently held:

> According to well-settled Ohio law, liquor permits are mere licenses and create no contract or property right. *Salem v. Liquor Control Comm.,* 34 Ohio St.2d 244, 245, 298 N.E.2d 138 (1973); *Soloman v. Liquor Control Comm.,* 4 Ohio St.2d 31, 36, 212 N.E.2d 595 (1965); *Abraham v. Fioramonte,* 158 Ohio St. 213, 226–27, 107 N.E.2d 321 (1952); *Banc of Am. Strategic Solutions, Inc. v. Cooker Restaurant Corp.,* 10th Dist. No. 05AP–1126, 2006–Ohio–4567, ¶ 9; *De Ifratte v. Ohio State Liquor Control Comm.,* 10th Dist. No. 03AP–848, 2004–Ohio–1143, ¶ 14; *Continental Sawmill Ltd. Partnership v. Italian Oven L.L.C.,* 10th Dist. No. 00AP–204 (Sept. 29, 2000). A "license" is a personal and temporary privilege, not a natural right, which the license holder enjoys only so long as he or she complies with the conditions and restrictions governing its continuance. *Salem* at 245, 298 N.E.2d 138. Because liquor permits are only licenses and state regulation prohibits the free transfer of such permits, courts will not enforce the transfer of a liquor permit outside the statutory scheme. *Banc of Am. Strategic Solutions, Inc.* at ¶ 9, quoting *Continental Sawmill Ltd. Partnership.*

*Id.* at ¶ 9.

{¶33} The third Assignment of Error is sustained.

**CONCLUSION**

{¶34} For the reasons stated above:

(1) the first Assignment of Error is overruled in part and sustained in part;

(2) the second Assignment of Error is overruled; and

(3) the third Assignment of Error is sustained.

{¶35} The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, J., and

Hoffman, P.J. concur.

Wise, J., dissents.

 

HON. PATRICIA A. DELANEY

 

HON. WILLIAM B. HOFFMAN

 

HON. JOHN W. WISE

*Wise, J., dissenting*

{¶36} I respectfully dissent from the majority decision regarding the First Assignment of Error in this matter. I first note R.C. 3105.171(B) states in pertinent part: "*** For purposes of this section, the court has jurisdiction over all property, excluding the social security benefits of a spouse other than as set forth in division (F)(9) of this section, in which one or both spouses have an interest." I recognize that a domestic relations court may be, in some cases, jurisdictionally restrained from affecting the rights of third parties in resolving issues of property division; however, I find this is not such a situation.

{¶37} In the present case, both Defendant Hatem Shalash and 1925 Express Business, Inc. received actual notice of the divorce complaint and temporary restraining order on March 19, 2010, several days before the corporation was transferred by purchase agreement to Satsha Express, Inc. The corporation was thus an asset over which the trial court had established jurisdiction, and the transfer thereof was in patent disregard of the court's restraining order. I therefore conclude the decision reached by the trial court to effectively vacate the transfer was jurisdictionally valid and was within the bounds of the court's discretion to effectuate property division, even if the court could have chosen an alternative remedy.

_____

HON. JOHN W. WISE