[Cite as *Shalash v. Shalash*, 2014-Ohio-3317.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IMAN SHALASH | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| HATEM SHALASH, ET AL. | : | Case No. 14 CAF 02 0014 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |
| | : | |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Domestic Relations Division,
                                 Case No. 10 DRA 03 140




JUDGMENT:                        Reversed and Remanded




DATE OF JUDGMENT:                July 28, 2014




APPEARANCES:

For Plaintiff-Appellee                   For Defendants-Appellants:

ROBERT C. PETTY                          RONALD B. NOGA
270 Bradenton Avenue                     1010 Old Henderson Road
Suite 100                                Suite 1
Dublin, OH  43017                        Columbus, OH  43220

*Farmer, J.*

{¶1}   On June 23, 1995, Hatem Shalash and appellee, Iman Shalash, were married.  On March 16, 2010, appellee filed a complaint for divorce.

{¶2}   Mr. Shalash owned a corporation, 1925 Express Business, Inc.  In 2007, the corporation had purchased a drive thru for approximately $200,000.00.  On March 23, 2010, Mr. Shalash sold 1925 Express Business for approximately $56,500.00 to his mother, appellant, Fatheih Shalash.  Appellant-mother formed a corporation named Satsha Express, Inc., another appellant herein.  Both appellants were named defendants in the divorce action.

{¶3}   Hearings on the divorce complaint were held in June 2012.  By judgment entry filed June 11, 2012, the trial court found the sale of 1925 Express Business was a sham transaction and the new business entity known as Satsha Express was a marital asset, and ordered appellant-mother to hold the business in a constructive trust for the parties.  By judgment entry filed June 19, 2012, the trial court found fifty percent of the proceeds from a $60,000.00 sale of another business, Frebis Beer Dock, Inc., sold by Mr. Shalash and his brother to appellant-mother in 2011 in violation of a restraining order, constituted a marital asset to be divided between the parties.  The trial court ordered appellant-mother to place Mr. Shalash's share into a separate bank account, distribution of which was subject to a final decree of divorce.

{¶4}   By judgment entry decree of divorce filed October 18, 2012, the trial court found Mr. Shalash engaged in financial misconduct and assigned to him all of the marital debt.  The trial court also ordered distribution to appellee of the funds in the bank account from the Frebis Beer Dock sale.  In a separate judgment entry filed same date,

the trial court reiterated its decision of June 11, 2012, that the sale of 1925 Express Business was a sham transaction and the new business entity was a marital asset, and ordered appellant-mother to transfer the business known as Satsha Express, Inc. to appellee by November 1, 2012. The transfer included all equipment, fixtures, inventory, and rights to existing liquor permits, but not any debts or liabilities. Mr. Shalash was granted thirty percent of the net profits of which any tax assessments against Satsha Express were to be paid.

{¶5} Appellants filed an appeal. This court reversed the case, finding the trial court was correct in finding financial misconduct on the part of Mr. Shalash, but erred in vacating the sale of 1925 Express Business and ordering the business and liquor license transfers from appellant-mother to appellee. The trial court instead should have considered the value of the business as a marital asset and awarded appellee a distributive award or a greater share of the marital property. *Shalash v. Shalash,* 5th Dist. Delaware No. 12 CAF 11 0079, 2013-Ohio-5064.

{¶6} Upon remand, the trial court issued an amended judgment entry decree of divorce on January 24, 2014, finding the business value to be $56,500.00, and awarded said amount to appellee. The trial court ordered appellant-mother to pay her monthly payment to appellee until the sale price was paid in full. Any down payment and monthly payments previously paid to Mr. Shalash shall be deducted from the value and shall be paid by Mr. Shalash to appellee. If appellant-mother failed to provide documentation of paying the down payment and any monthly payments to Mr. Shalash, she was to pay the amounts to appellee.

{¶7}   Appellants filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶8}   "THE DOMESTIC RELATIONS COURT'S ORDER CREATING A NEW PERSONAL OBLIGATION BETWEEN APPELLANT AND PLAINTIFF'S WIFE BELOW WAS OUTSIDE THE JURISDICTION OF THE DIVISION OF DOMESTIC RELATIONS AS IT DETERMINES A COLLATERAL CLAIM AND THE RIGHTS OF A THIRD PARTY."

I

{¶9}   Appellant-mother claims the trial court erred in creating a new obligation between her and appellee.  We agree.

{¶10}  In *Shalash v. Shalash,* 5th Dist. Delaware No. 12 CAF 11 0079, 2013-Ohio-5064, ¶ 29, this court found the following:

Under R.C. 3105.171(E)(4), the trial court has two remedies to compensate a spouse for the other spouse's financial misconduct: (1) a distributive award or (2) a greater award of marital property.  1925 Express Business, Inc. was a marital asset through which Husband engaged in financial misconduct in disposing of that asset via sale to his Mother.  Pursuant to the guidance of *Albaugh* [*v. Albaugh,* 10th Dist. Franklin No. 81AP-637, 1982 WL 4296 (July 22, 1982)] and the limitations of R.C. 3105.171(E)(4), we find the trial court, in compensating Wife for Husband's financial misconduct, should have considered the *value* of

1925 Express Business, Inc. as part of the marital estate, rather than vacating the sale of the business and granting Wife the ownership of the business. Ordering the transfer of the business from Mother to Wife was an inappropriate extension of the trial court's authority in this case because the court had alternative remedies to utilize, such as the application of the financial misconduct statute. The trial court could award Wife a distributive award or a greater award of marital property from the total marital estate.

{¶11} Upon remand, the trial court issued an amended judgment entry decree of divorce on January 24, 2014, finding the following:

The Court determines that despite the transfer of this business to Co-Defendant, the value of the business shall be considered a marital asset. Accordingly, as noted supra, the Court issued a restraining order barring the Co-Defendant from disposing of any of the assets of the business until further order of the Court.

The Court determines the value of the business to be $56,500. Due to the financial misconduct of the Defendant, the Court awards the entire value of this business asset to the Plaintiff Iman Shalash. Testimony revealed that the Co-Defendant was supposed to have paid the Defendant a down payment of $5000 and $1000 per month until the

purchase price was paid in full.  The restraining order of June 11, 2012 prohibited the Co-Defendant from paying any monies to the Defendant.

Therefore the Court orders the Co-Defendant to pay the $1000 per month payments to the Plaintiff Iman Shalash until the business sale price is paid in full.  Attorney Ronald Noga is ordered to pay to the Plaintiff Iman Shalash all monies deposited into his trust account by Co-Defendant which shall be credited against the purchase price of the business.

If the Co-Defendant fails to present any documentation that she actually transferred the $5000 down payment together with any monthly payments to the Defendant before the June 11, 2012 restraining order, the Co-Defendant shall be required to pay this amount and all monthly amounts due to the Plaintiff Iman Shalash.  If the Co-Defendant can substantiate that she paid the $5000 and any monthly payments directly to the Defendant before the June 11, 2012 restraining order, the $5000 and any paid monthly payments paid directly to Defendant shall be deducted from the value of the business (i.e. $56,500).  All deducted amounts shall constitute an additional sum due from the Defendant to the Plaintiff Iman Shalash as part of the marital property division.

{¶12} Appellant-mother argues she cannot be personally liable to appellee as the cognovit promissory note dated April 25, 2010 involving 1925 Express Business, attached to appellants' brief, obligates Satsha Express, Inc. only.  We agree.  As conceded by appellants in their brief at 5, the trial court could award the cognovit

promissory note to appellee directly. The trial court could also order Satsha Express to make the ordered payments to appellee instead of appellant-mother, as Satsha Express, Inc. was a party-defendant to the case. *See,* Amended Complaint filed October 8, 2010.

{¶13} In her brief at 3, appellant-mother also challenges the trial court's determination on another business, Frebis Beer Dock. The trial court's decision in its January 24, 2014 amended judgment entry decree of divorce on this business is identical, word for word, to the trial court's determination in its judgment entry decree of divorce filed October 18, 2012. Appellants appealed the October 18, 2012 judgment entry decree of divorce, but failed to assign this determination as error. We find the doctrine of res judicata applies sub judice: "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.

{¶14} This matter is remanded to the trial court to either award the cognovit promissory note to appellee directly or order Satsha Express, Inc. to make the ordered payments to appellee.

{¶15} The sole assignment of error is granted.

{¶16} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is hereby reversed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 715