[Cite as *Jayabalaji v. Dharuman*, 2025-Ohio-2230.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| SARANYA JAYABALAJI | : | JUDGES: | |
| | : | Hon. Andrew J. King, P.J. | |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. | |
| | : | Hon. Kevin W. Popham, J. | |
| -vs- | : | | |
| | : | | |
| JAYABALAJI MANICKAM DHARUMAN | : | Case No. 24 CAF 09 0059 | |
| | : | | |
| Defendant-Appellant | : | O P I N I O N | |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No. 23 DRA 01 0023

JUDGMENT:                                         Affirmed

DATE OF JUDGMENT:                      June 26, 2025

APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

ANTHONY W. GRECO                    JAYABALAJI MANICKAM
JOSEPH J. OVERSTREET              DHARUMAN, PRO SE
ANTHONY W. GRECO, JR.             6492 River's Edge Drive
4945 Bradenton Avenue                 Lewis Center, OH  43035
Suite 100
Dublin, OH  43017

*King, J.*

{¶ 1} Defendant-Appellant, Jayabalaji Manickam Dharuman ("husband"), appeals the August 20, 2024 judgment entry and decree of divorce and decree of shared parenting of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division. Plaintiff-Appellee is Saranya Jayabalaji ("wife"). We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties were married on September 12, 2010, and have two children. On February 15, 2022, wife filed a complaint for divorce. She voluntarily dismissed the complaint on January 8, 2023. On January 13, 2023, wife refiled the complaint. On January 17, 2023, husband filed his own complaint for divorce.

{¶ 3} Hearings were held before a magistrate over several days. By decision filed June 26, 2024, the magistrate granted the parties a divorce, determined the marriage's termination date, and divided the parties' property. The parties agreed to a shared parenting plan for the children. The magistrate found husband committed financial misconduct and ordered a distributive award to wife in the amount of $35,000. The magistrate also ordered husband to pay wife $25,000 for attorney fees.

{¶ 4} On July 10, 2024, husband filed objections, arguing the magistrate erred in determining the marriage's termination date, finding he engaged in financial misconduct, awarding attorney fees to wife, and dividing the parties' property. By judgment entry and decree of divorce and decree of shared parenting filed August 20, 2024, the trial court denied the objections, noting husband failed to file the transcript of the hearings and therefore its independent review was limited to the record, the exhibits, and the

magistrate's legal conclusions. The trial court adopted the magistrate's decision and incorporated the magistrate's findings of fact and conclusions of law.

{¶ 5} Husband filed an appeal with the following assignments of error:

I

{¶ 6} "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR A DE FACTO TERMINATION DATE."

II

{¶ 7} "THE TRIAL COURT ERRED IN FINDING FINANCIAL MISCONDUCT AND GRANTING A DISTRIBUTIVE AWARD TO PLAINTIFF-APPELLEE."

III

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES TO PLAINTIFF-APPELLEE."

IV

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN ITS IMPROPER DIVISION OF MARITAL ASSETS, RESULTING IN AN INEQUITABLE ALLOCATION."

{¶ 10} At the outset, we note husband did not file a transcript of the hearings before the magistrate for the trial court's review. Under Civ.R. 53(D)(3)(b)(iii), an "objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." As stated by the Supreme Court of Ohio, if a party "fails to follow the procedures set forth in Civ.R. 53(D)(3)(b)(iii) for objecting to a magistrate's findings by failing to provide a transcript to the trial court when filing objections, that party waives any

appeal as to those findings other than claims of plain error. Civ.R. 53(D)(3)(b)(iv)." *State ex rel. Pallone v. Ohio Court of Claims*, 2015-Ohio-2003, ¶ 11; *accord State v. Kelly*, 2024-Ohio-985, ¶ 12 (5th Dist.). Plain error is error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. Husband has not advanced any arguments of plain error and this court will not construct any arguments on his behalf. *See State v. Anderson*, 2024-Ohio-3181, ¶ 96 (5th Dist.).

{¶ 11} When the party objecting to a magistrate's decision fails to provide a transcript, the magistrate's findings of fact are considered established and may not be attacked on appeal. *Doane v. Doane,* 2001 WL 474267, *3 (5th Dist. May 2, 2001). Accordingly, we review this matter only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. *Sochor v. Smith,* 2000 WL 963110, *3 (5th Dist. June 28, 2000). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning

processes that would support a contrary result." *Id.* We will review the assignments of error under these parameters.

I

{¶ 12} In his first assignment of error, husband claims the trial court erred in choosing October 25, 2023, the commencement of the final hearing date, as the termination date of the marriage instead of accepting February 15, 2022, the date the parties separated and wife first filed for divorce, as the de facto termination date of the marriage. We disagree.

{¶ 13} A trial court has broad discretion in choosing the appropriate marriage termination date and the decision will not be reversed absent an abuse of that discretion. *Boggs v. Boggs*, 2008-Ohio-1411, ¶ 67 (5th Dist.), citing *Berish v. Berish,* 69 Ohio St.2d 318, 319-320 (1982).

{¶ 14} R.C. 3105.171(A)(2) states "during the marriage" is whichever of the following is applicable:

> (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
>
> (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital

property, "during the marriage" means the period of time between those dates selected and specified by the court.

{¶ 15} "[C]ourts should be reluctant to use a de facto termination of marriage date unless the evidence clearly and bilaterally shows that it is appropriate based on the totality of the circumstances." *Boggs* at ¶ 66. Several factors to consider as to whether a de facto termination of marriage date would be equitable includes whether:

(1) the parties separated on less than friendly terms, (2) the parties believed the marriage ended prior to the hearing, (3) either party cohabited with another person during the separation, (4) the parties were intimately involved during the separation, (5) the parties lived as husband and wife during the separation, (6) the parties maintained separate residences, (7) the parties utilized separate bank accounts or were/were not financially intertwined (with the exception of temporary orders), (8) either party attempted to reconcile, (9) either party retained counsel, and (10) the parties attended social functions together or vacationed together.

*Dill v. Dill,* 2008-Ohio-5310, ¶ 11 (3d Dist.).

{¶ 16} Husband argues the de facto termination date of the marriage should be February 15, 2022, because by that date, the parties were living separately, maintaining separate finances, and retaining separate legal counsel. In support, husband refers to

his pretrial statement, motions, orders, and exhibits in the record; but pretrial statements and motions do not constitute evidence.

{¶ 17} In its decision, the magistrate found the parties lived separate and apart since January 2023. Finding of Fact No. 22. The trial court then made four additional findings of fact and concluded the duration of the marriage to be from September 12, 2010, to the commencement of the final hearing, October 25, 2023. Findings of Fact Nos. 23-27. The magistrate noted husband "failed to establish valuation dates as of the date of the de facto termination that he requests. He did not provide enough information to the Court from a financial perspective to overcome the presumption" of using the final hearing date as the termination date under R.C. 3105.171(A)(2)(a). Finding of Fact No. 26.

{¶ 18} The trial court independently reviewed the record and determined in the absence of the transcript or an affidavit, it was required to accept the magistrate's findings of fact and could only examine the magistrate's legal conclusions drawn from those facts. The trial court found without the transcript, it was "unable to determine if there was additional evidence that the magistrate did not consider or weigh." August 20, 2024 Judgment Entry at 4. The trial court accepted the magistrate's findings of fact as true and found the magistrate correctly applied the *Dill* factors and correctly chose the termination date for the marriage. *Id.*

{¶ 19} Without a transcript, this court is limited to reviewing whether the trial court abused its discretion in reaching its specific legal conclusions based upon the established facts. Based upon the state of the record, we do not find an abuse of discretion.

{¶ 20} Upon review, we do not find the trial court abused its discretion in accepting the magistrate's termination date of the marriage as October 25, 2023, instead of using husband's suggested de facto termination date of February 15, 2022. We do not find any plain error.

{¶ 21} Assignment of Error I is denied.

II

{¶ 22} In his second assignment of error, husband claims the trial court erred in finding he committed financial misconduct and in awarding wife a distributive award. We disagree.

{¶ 23} R.C. 3105.171 governs division of marital property. Subsection (E)(4) states: "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."

{¶ 24} The trial court has discretion in determining whether a spouse committed financial misconduct, subject to a review of whether the determination is against the manifest weight of the evidence. *Kilpatrick v. Kilpatrick,* 2011-Ohio-443, ¶ 29-30 (5th Dist.), citing *Boggs,* 2008-Ohio-1411, at ¶ 73 (5th Dist.).

{¶ 25} "To find financial misconduct, a court must look to the reasons behind the questioned activity or the results of the activity and determine whether the wrongdoer profited from the activity or intentionally dissipated, destroyed, concealed, or fraudulently disposed of the other spouse's assets." *Shalash v. Shalash,* 2013-Ohio-5064, ¶ 24 (5th Dist.), citing *Thomas v. Thomas,* 2012-Ohio-2893, ¶ 63 (5th Dist.).

{¶ 26} Husband argues the magistrate mischaracterized his financial conduct and misapplied R.C. 3105.171; therefore, the distributive award to wife is legally erroneous.

{¶ 27} In its decision, the magistrate made extensive findings of fact related to financial misconduct, and concluded husband failed to disclose assets and liabilities and committed financial misconduct. Findings of Fact Nos. 41-59. The magistrate ordered husband to pay wife a distributive award of $35,000. Finding of Fact No. 59. The magistrate found husband's testimony on some issues to be not credible. Findings of Fact Nos. 55 and 57.

{¶ 28} The trial court, without a transcript, accepted the magistrate's findings of fact as true and reviewed the magistrate's legal conclusions. Based upon the multiple examples of financial misconduct cited by the magistrate, the trial court agreed with the magistrate's conclusion that husband "engaged in financial misconduct by failing to disclose assets and liabilities," and the failure to disclose "was substantial and willful" and interfered with wife's property rights; therefore, wife was entitled to the $35,000 distributive award. August 20, 2024 Judgment Entry at 6.

{¶ 29} Based upon the state of the record, we do not find the trial court abused its discretion in reaching its specific legal conclusions on the issues of financial misconduct and the distributive award. We do not find the trial court's decision to be against the manifest weight of the evidence, and we do not find any plain error.

{¶ 30} Assignment of Error II is denied.

III

{¶ 31} In his third assignment of error, husband claims the trial court erred in awarding wife attorney fees. We disagree.

{¶ 32} R.C. 3105.73 governs award of attorney fees and states the following:

(A) In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶ 33} The magistrate stated she considered these factors. Finding of Fact No. 78.

{¶ 34} An award of attorney fees in a domestic relations action is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Hostetler v. Hostetler*, 2019-Ohio-609, ¶ 32 (5th Dist.). "While the trial court has discretion in determining the amount of attorney fees, the court must base its decision on evidence showing the reasonableness of the time spent on the matter and the hourly rate." *Bagnola v. Bagnola,* 2004-Ohio-7286, ¶ 36 (5th Dist.). "Ultimately, the trier of fact has (1) the discretion to award attorney fees or not award attorney fees and (2) the discretion to decide on evidence showing the reasonableness of the time spent on the matter and the hourly rate. A trial court may believe all, part, or none of the testimony of any witness who appears before it." *Jourdan v. Jourdan,* 2023-Ohio-1826, ¶ 109 (5th Dist.), citing *Rogers v. Hill*, 124 Ohio App.3d 468 (4th Dist. 1998). "Unless the amount of

fees determined is so high or so low as to shock the conscience, an appellate court will not interfere." *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.,* 23 Ohio App.3d 85, 91 (12th Dist. 1985).

{¶ 35} According to the magistrate's decision, wife testified to Exhibit 90, a detailed breakdown of her legal fees incurred from January 2023 to October 2023 in the amount of $97,238.84 that did not include numerous days of trial; the last bill she received indicated a balance of $110,000. Finding of Fact No. 79. The exhibit did not include legal fees from the filing of the first divorce complaint to its voluntary dismissal, i.e., February 15, 2022, to January 8, 2023.

{¶ 36} The magistrate awarded wife $25,000 for attorney fees, to be paid at the time of the closing of the sale of the marital residence, finding the following (Finding of Fact No. 81):

> The Court finds that Saranya should be compensated for a portion of her legal fees based upon the *conduct* of JB. Specifically, failing to cooperate with the appraisal process; failing to produce account statements; failure to disclose assets and debts; and inconsistent and/or vague testimony. The Court took into account the significant time spent in the final hearing going over these matters as well as the amount of documents that were produced by Plaintiff. To that end, there were numerous large books of exhibits utilized and produced by Plaintiff as opposed to a few exhibits produced and utilized by Defendant. The Court further finds an award *equitable* as JB testified that he is able to pay off his

credit cards monthly, wherein Saranya has incurred significant credit card debt during the pendency of this action; JB was able to take various trips/vacations in 2023; the disparity in incomes of the parties; and the fact that no spousal support was ordered.  The Court likewise considered the refiling of this action.  (Emphasis in original.)

{¶ 37} The trial court stated it conducted an independent review and found the magistrate did not err in awarding wife attorney fees.  The trial court explained: "Accepting the magistrate's factual findings as true, the Court finds that based upon Husband's conduct during the proceedings and the disparity in the parties' income and debts, an attorney fees award of $25,000 to Wife is equitable."  August 20, 2024 Judgment Entry at 7.

{¶ 38} Based upon the state of the record, we do not find the trial court abused its discretion in reaching its specific legal conclusions on the issue of attorney fees.  We do not find any plain error.

{¶ 39} Assignment of Error III is denied.

IV

{¶ 40} In his fourth assignment of error, husband claims the trial court erred in dividing the parties' property.  We disagree.

{¶ 41} In divorce proceedings, a trial court shall "determine what constitutes marital property and what constitutes separate property."  R.C. 3105.171(B).  R.C. 3105.171(A)(6)(a)(ii) defines "separate property" as including "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage."  Marital property includes all "real and personal property that

currently is owned by either or both of the spouses" and can include "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."  R.C. 3105.171(A)(3)(a)(i) and (iii).

{¶ 42} "There is a presumption in Ohio that an asset acquired during the course of the marriage is marital property, unless proved otherwise."  *Salameh v. Salameh*, 2019-Ohio-5390, ¶ 28 (5th Dist.), citing *Haven v. Haven*, 2012-Ohio-5347, ¶ 23 (5th Dist.).  "The characterization of property as separate or marital is a mixed question of law and fact, and the trial court's ruling must be supported by sufficient credible evidence."  *Altier v. Altier*, 2015-Ohio-1526, ¶ 21 (5th Dist.).  "The party seeking to establish an asset as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property."  *Id.*

{¶ 43} As an appellate court, we generally review a trial court's property division in divorce proceedings under an abuse of discretion standard.  *Cherry v. Cherry*, 66 Ohio St.2d 348 (1981); a*ccord Martin v. Martin,* 18 Ohio St.3d 292, 294-295 (1985).

{¶ 44} In his appellate brief, husband takes issue with eleven decisions on property division: (a) awarding wife $3,138 against premarital loan, appraisal fees, and household furniture; (b) failing to award him the pay down of the principal on the parties' marital residence at 6492 River's Edge Drive for the period of the parties' separation through the date of the commencement of the trial; (c) ordering the sale of the marital residence instead of awarding wife one-half of the equity based upon the fair market value offered by the parties; (d) failing to give husband credit for his contribution towards the purchase price and construction from premarital separate funds of a house in Hosur, India; (e)

failing to determine the correct fair market value of land in Salem, Tamil Nadu, India and in awarding it to wife; (f) awarding all the sums in the Health Savings Account with Fidelity and Optum to wife; (g) failing to award him the gold and silver prayer items taken by wife; (h) failing to award him one-half of the funds in wife's Discover savings account; (i) stating in the decision certain allegations of wife, including that he urinated on wife, without also stating he vehemently denied the allegations; (j) failing to consider wife's nonpayment of obligations ordered under the temporary orders; (k) failing to consider wife's Indian bank accounts for allocation, including her account with Life Insurance Corporation of India and ICICI Bank, and failing to consider wife's litigation misconduct in filing a divorce complaint, dismissing it, and then refiling it, causing him to incur corresponding costs, fees, and expenses.

{¶ 45} The magistrate considered the factors set forth in R.C. 3105.171(F) in dividing the parties' property and made lengthy findings of fact over eleven pages. Finding of Fact Nos. 39-40. The magistrate made decisions on marital and separate property and made respective awards to the parties.

{¶ 46} The trial court stated it conducted an independent review and found the magistrate did not err in dividing the parties' property. The trial court addressed husband's property division objections over four pages, and noted in every instance but one, without a transcript, it was unable to verify if there was additional evidence that the magistrate failed to weigh and further, it did not have any testimony before it to weigh and assess and therefore was unable to review arguments premised upon issues of fact. August 20, 2024 Judgment Entry at 9-12. The trial court concluded the overall division of property was equitable. *Id.* at 11.

{¶ 47} Based upon the state of the record, we do not find the trial court abused its discretion in reaching its specific legal conclusions on the issue of property division. We do not find any plain error.

{¶ 48} Assignment of Error IV is denied.

{¶ 49} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division, is hereby affirmed.

By: King, P.J.

Hoffman, J. and

Popham, J. concur.